UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STANLEY BYCK

    Plaintiff,

v.

AMERICAN EXPRESS BANK, FSB;

and TARGET NATIONAL BANK

    Debt Collectors/Defendants

_____/

CASE NO.:_____

JUDGE: _____

## CONSUMER PROTECTION COMPLAINT

COMES NOW the Plaintiff, by and through the undersigned counsel, and sues the Defendants, AMERICAN EXPRESS BANK, FSB (hereinafter "**AMEX**") and TARGET NATIONAL BANK (hereinafter "**TARGET**") and as grounds therefore would state:

### JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer against the named Defendants for violations of the Florida's Consumer Collection Practices Act, Fla. Stat.§ 559 et seq., (hereinafter "**FCCPA**"), Fair Credit Billing Act 15 U.S.C. §1601, (hereinafter "**FCBA**"), and the Telephone Consumer Protection Act 47 U.S.C. §227, (hereinafter "**TCPA**") that exceeds $15,000 exclusive of attorney's fees and costs.

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d). Supplemental jurisdiction rests upon 28 U.S.C. §1367.

3. The Defendants **AMEX and TARGET** are business entities that regularly conduct business in the State of Florida and therefore are citizens of the State of Florida.

1

4. Defendants **AMEX** and **TARGET** are "debt collectors" as defined by the **FCCPA** and as they use interstate commerce in a business for which the principal purpose is to collect debts.

## VENUE

5. The venue in the United States District Court for the Southern District of Florida is proper and based upon the following:

   a. The violations of the FCCPA, FCBA and TCPA alleged below occurred and/or were committed in **Palm Beach County**, State of Florida, within the Southern District of Florida;

   b. At all times material hereto, the Defendants were and continue to be corporations engaged in such business activities in Palm Beach County, Florida as such are citizens of Florida.

6. The Plaintiff is an individual residing in Palm Beach County, Florida and is a "consumer" as that term is defined by 15 U.S.C. §1681 et seq. and Fla. Stat. §559 et seq.

7. Defendants **AMEX and TARGET** are "creditors" as defined under the FCBA.

8. Defendants **AMEX and TARGET,** by use of repeated telephonic communications and attempted telephonic communications with **PLAINTIFF**, and by virtue of its attempts to collect a debt in the State of Florida have purposefully availed itself to the laws and jurisdiction to the Courts of the State of Florida.

## FACTS COMMON TO ALL COUNTS

9. Defendants **AMEX** and **TARGET** are each a "debt collector" as defined by the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. § 559.55(6).

10. Plaintiff is an "individual consumer" as defined by the FCCPA , and is alleged to have incurred a financial obligation for primarily personal, family or household

2

purposes, or more specifically, and alleged debt with Defendants **AMEX, and TARGET.**

11. On or around July 20, 2011, Defendant **AMEX** subsequently assigned the debt, upon information and belief, at various times pertinent to the matter at hand, to the Law Firm of Zwicker and Associates.

12. On or around March 30, 2011, Plaintiff retained the services of The Delta Law Firm (hereinafter **"DELTA"**) to represent him with regards to the alleged debts in this matter.

13. On or around May 2, 2011, **DELTA** sent to **AMEX,** via First Class Mail a letter informing the Defendant that the Plaintiff was represented by counsel and the alleged debt is in dispute and to cease all communication with the Plaintiff. (See Composite Exhibit 1)

14. On or around May 2, 2011, **DELTA** sent to **TARGET,** via First Class Mail a letter informing the Defendant that the Plaintiff was represented by counsel and the alleged debt is in dispute and to cease all communication with the Plaintiff. (See Composite Exhibit 2)

15. On May 5, 2011, Defendant **AMEX** was again informed of Plaintiff's representation by legal counsel after they initiated a call to **DELTA.**

16. On or around May 24, 2011, **AMEX** sent a letter to **DELTA** indicating that they had received the May 2, 2011 letter and noted in their records the information of **DELTA** and that Plaintiff requested no further direct communication with them. (See Composite Exhibit 1)

17. **AMEX** continued to make direct contact with the Plaintiff in an attempt to collect the alleged debt via Plaintiff's cellular telephone and through the mail. (See Composite Exhibit 1)

3

18. **TARGET** continued to make direct contact with the Plaintiff in an attempt to collect the alleged debt via Plaintiff's cellular telephone and through the mail. (See Composite Exhibit 2)

19. On or about July 20, 2011, Defendant **TARGET** sent direct correspondence to Plaintiff attempting to collect the disputed debt. (See Composite Exhibit 2)

20. Said telephone calls and letters were an attempt to collect the alleged debt in reference to the herein described **AMEX** and **TARGET** accounts.

21. Plaintiff recorded and kept logs of the several telephone calls to his cellular telephone received after notice was given to Defendants to cease calling him on his telephone. (See Composite Exhibits 1 and 2)

22. Defendant **AMEX** called the Plaintiff 16 times after receiving **DELTA'S** dispute letter and cease and desist letter. (See Composite Exhibit 1)

23. Defendant **TARGET** made 3 calls to the Plaintiff after receiving **DELTA'S** dispute letter and cease and desist letter. (See Composite Exhibit 2)

24. Defendants **AMEX and TARGET** had personal knowledge that any prior permission to contact Plaintiff directly was clearly revoked by the Plaintiff and Plaintiff's counsel through the initial dispute letters that were sent by **DELTA**.

## COUNT 1
## CLAIM FOR PERMANENT INJUNCTIVE RELIEF
### Florida Consumer Collection Practices Act Fla.Stat. §559 et seq.
### As to AMEX and TARGET

**PLAINTIFF** reavers and realleges each and every allegation contained within paragraphs 1 through 24 as though more fully set forth herein, and further states:

25. This is an action for injunctive relief that is brought pursuant to section 559.77, of the Florida Statutes. Pursuant to said section, the Court may enjoin **AMEX and**

4

**TARGET** from committing further violations of section 559.72. **Specifically, the Defendants have violated F.S.A. §559.72(7) which prohibits conduct that can reasonably be expected to harass or abuse the debtor.**

26. **F.S.A. §559.72(18) prohibits communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.**

27. Defendant **AMEX** sent letters to the Plaintiff directly attempting to collect a disputed debt, directly contacted Plaintiff via telephone to try to collect a disputed debt, and directly contacted Plaintiff via telephone and letter knowing that Plaintiff had retained counsel for that account.

28. Defendant **TARGET** sent letters to the Plaintiff directly attempting to collect a disputed debt, directly contacted Plaintiff via telephone to try to collect a disputed debt, and directly contacted Plaintiff via telephone and letter knowing that Plaintiff had retained counsel for that account.

29. There is a substantial likelihood of irreparable harm if the conduct by **AMEX** and **TARGET** are not enjoined because it would allow the Defendants to continue an attempt to collect the alleged debt from the Plaintiff and continue to damage the Plaintiff's good name and reputation within the community by and through a reduced credit score.

30. The Plaintiff has no adequate remedy at law to prevent further violations of section 559.72 of the Florida Statutes.

31. There is a substantial likelihood of success on the merits, and this injunction will best serve the public interest.

5

32. The Plaintiff has retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to Florida Statute, section 559.77.

WHEREFORE, **Plaintiff**/Consumer demands judgment against **AMEX** and **TARGET** permanently enjoining said Defendants from any further collection of the aforementioned alleged debt, or violations of section 559.72, Florida Statute, exclusive of attorney's fees, which are prayed for in addition thereto.

### COUNT 2
### CLAIM FOR HARRASSMENT
### Florida Consumer Collections Practices Act Violation of Fla. Stat. 559.72 (7)
### As to AMEX and TARGET

**Plaintiff** reavers and realleges each and every allegation contained in paragraphs 1 through 24 as though more fully set forth herein, and further states:

33. This is an action arising out of Defendants' **AMEX** and **TARGET'S** violations of Florida Consumer Collections Practices Act F.S 559.72(7) which **prohibits willful communication with the debtor which can reasonably be expected to abuse or harass the debtor.**

34. Defendants **AMEX** and **TARGET** violated Fla. Stat. §559.72(7) by attempting to collect the alleged debt by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff.

35. Defendant **AMEX** had personal knowledge via the dispute letter sent to them that the alleged debt on the account was in dispute but continued to harass the Plaintiff by trying to collect the alleged debt.

6

36. Defendant **TARGET** had personal knowledge via the dispute letter sent to them that the alleged debt on the account was in dispute but continued to harass the Plaintiff by trying to collect the alleged debt.

37. That in attempting to collect the above described alleged debt, **AMEX** violated F.S. 559.72 (7), in that **Defendant** willfully engaged in conduct which can reasonably be expected to abuse or harass the Plaintiff.

38. Defendant **AMEX** by and through their agents, starting in May of 2011 and through the present made telephone calls to the **Plaintiff's** cellular telephone several times.

39. In total Defendant **AMEX** made 16 telephone calls to Plaintiff attempting to collect a debt to which Defendants knew to be in dispute.

40. Defendant **AMEX** continued to call despite **Plaintiff's** request to cease and desist.

41. Defendant **AMEX** sent direct correspondence to the Plaintiff through U.S. Mail attempting to collect the disputed debt on July 3, 2011.

42. Defendant **TARGET** by and through their agents, starting in May of 2011 and through the present made 3 telephone calls to the **Plaintiff's** cellular telephone attempting to collect a debt to which Defendant knew to be in dispute.

43. Defendant **TARGET** sent direct correspondence to Plaintiff through U.S. Mail attempting to collect the disputed debt on July 20, 2011.

44. Defendants' **AMEX** and **TARGET** continued to call Plaintiff directly and send letters attempting to collect despite **Plaintiff's** request to cease and desist.

45. Said violations were willful, and **Plaintiff** seeks punitive damages as a result.

WHEREFORE, **Plaintiff** demands judgment against the **Defendants** for compensatory damages, statutory damages in the amount of $1,000.00 per Defendant, exclusive of costs and attorney's fees, which are prayed for in addition thereto, and punitive damages.

## COUNT 3
## CLAIM FOR IMPROPER DEBTOR CONTACT WITH KNOWLEDGE OF LEGAL REPRESENTATION
### Florida Consumer Collections Practices Act Violation of Fla. Stat. 559.72 (18)
### As to AMEX and TARGET

**Plaintiff** reavers and realleges each and every allegation contained in paragraphs 1 through 24 as though more fully set forth herein, and further states:

46. This is an action arising out of **AMEX** and **TARGET'S** violations of the Florida Consumer Collections Practices Act F.S 559.72(18) which **prohibits communication with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.**

47. That in attempting to collect the above described alleged debt, Defendants **AMEX and TARGET** violated F.S. 559.72 (18), in that they willfully communicated with a debtor knowing that the debtor was represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain, such attorney's name and address which was listed on the dispute letters submitted to each Defendant.

48. On or around May 2, 2011, **DELTA** sent to Defendant **AMEX** via First Class Mail a letter informing the Defendant that the Plaintiff was represented by counsel.

49. On or around May 2, 2011, the **DELTA** sent to Defendant **TARGET** via First Class Mail a letter informing the Defendant that the Plaintiff was represented by counsel.

50. On or around May 24, 2011, Defendant **AMEX** sent a letter to **DELTA** indicating that they had received the May 2, 2011 letter and noted in their records the information of **DELTA** and that Plaintiff and requested no further direct communication with them.

51. Defendant **AMEX** by and through their agents, starting in May of 2011 and through the present made telephone calls to the Plaintiff's cellular telephone several times after acknowledging Plaintiff was represented by Counsel.

52. In total, Defendant **AMEX** made 16 telephone calls to Plaintiff after being notified Plaintiff was represented by legal counsel.

53. Defendant **AMEX** continued to call despite **Plaintiff's** request for them to cease and desist.

54. On or around July 20, 2011, Defendant **AMEX** informed **Plaintiff** that his account had been transferred to **Zwicker & Associates, P.C.** (hereinafter "**ZWICKER**") for collections and demanded that payment of the full balance be made to **ZWICKER** or in the alternative, on **AMEX's** website.

55. Defendant **TARGET** called the Plaintiff 3 times directly after being informed that Plaintiff was represented by legal counsel.

56. Defendant **TARGET** sent written correspondence directly to Plaintiff after being informed that Plaintiff was represented by legal counsel.

57. Said violations were willful, and **Plaintiff** seeks punitive damages as a result.

WHEREFORE, **Plaintiff** demands judgment against the **Defendants** for compensatory damages, statutory damages in the amount of $1,000.00 per Defendant, exclusive of costs and attorney's fees, which are prayed for in addition thereto, and punitive damages.

## COUNT 4

## WILLFULL AND KNOWING VIOLATIONS

## Telephone Consumer Protection Act 47 U.S.C. §227(b)(1)(A)(iii) and §227(3)

### As to AMEX and TARGET

**Plaintiff** reavers and realleges each and every allegation contained in paragraphs 1 through 24 as though more fully set forth herein, and further states:

58. This is an action arising out of Defendants **AMEX and TARGET** violations of the Telephone Consumer Protection Act, as set forth in 47 U.S.C. §227 et. seq. which states, "**it is unlawful to make any call, other than for emergency purposes or made with prior express consent of the called party using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.**"

59. Defendant **AMEX** utilizes an auto-dialer system as defined by 47 U.S.C 227 (a)(1).

60. Defendant **TARGET** utilizes an auto-dialer system as defined by 47 U.S.C 227 (a)(1).

61. Plaintiff did not give permission to Defendants **AMEX and TARGET** to contact him via cellular phone.

62. Plaintiff specifically informed Defendant **AMEX** they were calling his cellular telephone and requested that they stop calling his cellular telephone.

63. Plaintiff specifically informed Defendant **TARGET** they were calling his cellular telephone and requested that they stop calling his cellular telephone.

64. Defendant **AMEX** willfully and knowingly continued to violate the regulations under this act by incessantly harassing and communicating with the Plaintiff via Plaintiff's cellular phone using an auto-dialer.

65. Defendant **TARGET** willfully and knowingly continued to violate the regulations under this act by incessantly harassing and communicating with the Plaintiff via Plaintiff's cellular phone using an auto-dialer.

66. Under 47 U.S.C. §227(3)(B), Plaintiff is entitled to receive $500.00 in damages for each such violation and at the Court's discretion, increase the amount of the award to an amount equal to or not more than 3 times the amount available under this subsection.

WHEREFORE, **Plaintiff** demands judgment against each of the **Defendants** for compensatory damages, statutory damages in the amount of $1,500 per violation per Defendant, exclusive of costs and attorney's fees, which are prayed for in addition thereto, and punitive damages.

## COUNT 5

### FAILURE TO RESPOND TO DISPUTED BILLING PROCEDURES

### Fair Credit Billing Act 15 U.S.C. §1601, §161(a)(3) and §161(B)(2)(ii)

### As to AMEX and TARGET

**Plaintiff** reavers and realleges each and every allegation contained in paragraphs 1 through 24 as though more fully set forth herein, and further states:

67. This is an action arising out of Defendants **AMEX and TARGET** violations of the Fair Credit Billing Act, as set forth in 15 U.S.C. §1601et. seq. which states, **"if a creditor receives written notice from obligor which sets forth the reasons for the obligor's belief that the statement contains a billing error, the creditor shall make appropriate corrections in the account of the obligor or send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth to the**

11

**extent applicable the reasons why the creditor believes the account was correctly shown in the statement, and upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness."**

68. **DELTA** sent Defendant **AMEX** a dispute letter stating that the sum allegedly due on the account was not accurate and requested copies of documentary evidence substantiating the debt. (See Composite Exhibit 1)

69. Defendant **AMEX** failed to furnish any documentation to Plaintiff's Counsel, **DELTA** after it was requested as required by statute.

70. Defendant **AMEX** failed to conduct an investigation and failed to provide an explanation on why the account was correctly shown in the statement as required by statute.

71. **DELTA** sent Defendant **TARGET** a dispute letter stating that the sum allegedly due on the account was not accurate and requested copies of documentary evidence substantiating the debt. (See Composite Exhibit 2)

72. Defendant **TARGET** failed to furnish any documentation to Plaintiff's Counsel, **DELTA** after it was requested as required by statute.

73. Defendant **TARGET** failed to conduct an investigation and failed to provide an explanation on why the account was correctly shown in the statement as required by statute.

74. **Defendants AMEX and TARGET failed to comply with the requirements and therefore forfeits any right to collect from the obligor the amount indicated by the obligor, and any finance charges thereon.**

WHEREFORE, **Plaintiff** demands judgment against each of the **Defendants** to forfeit any rights to collect on each alleged debt, exclusive of costs and attorney's fees, which are prayed for in addition thereto, and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, **Plaintiff/Consumer**, by and through the undersigned counsel, demands relief against the **AMEX and TARGET** as follows:

1. A judgment against Defendant **AMEX** in the amount of $1,000.00 for violation of the FCCPA 559.72(7).

2. A judgment against Defendant **TARGET** in the amount of $1,000.00 for violation of the FCCPA 559.72(7).

3. A judgment against Defendant **AMEX** in the amount of $1,000.00 for violation of the FCCPA 559.72(18).

4. A judgment against Defendant **TARGET** in the amount of $1,000.00 for violation of the FCCPA 559.72(18).

5. A finding that the actions of the Defendants were willful for violations of the FCCPA.

6. Punitive Damages for the willful violations of the FCCPA as the Court deems just and proper.

7. A judgment against Defendant **AMEX** in the amount of $24,000.00 for multiple violations of the TCPA 47 U.S.C. §227.

8. A judgment against Defendant **TARGET** in the amount of $4,500.00 for violations of the TCPA 47 U.S.C. §227.

9. Injunctive Relief precluding the Defendants from further harassment from collection attempts and negative reporting to Consumer Reporting Agencies.

10. A forfeiture of all rights to collect on any alleged debts for violations of the FCBA for all Defendants.

11. An award of Attorney's fees plus costs herein incurred.

12. Any and all other relief to which Plaintiff may be entitled to and the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 17 day of January, 2012

Respectfully Submitted by,

**Paul A. Herman, P.A.**
**20423 State Road 7**
**Suite F6-477**
**Boca Raton, FL 33498**
**Tel: 561-910-7889**
**Fax: 561-431-2352**

Filed by: Paul A. Herman, Esq.
FL Bar # 405175
Attorney for Plaintiff