UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
9:120cv-80039-KLR

STANLEY BYCK,
    Plaintiff,
vs.

AMERICAN EXPRESS BANK, FSB.,
And TARGET NATIONAL BANK
    Defendant(s).
_____/

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW Defendant, AMERICAN EXPRESS BANK, FSB, by and through their undersigned attorney and hereby files this Motion to Dismiss Plaintiff's Complaint, and as grounds thereof, states as follows:

## STANDARD OF LAW

When considering a Motion to Dismiss, the Court must accept all of the Plaintiff's allegations as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, the Court need not accept the Plaintiff's legal conclusions as true. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Further, "a Court's duty to liberally construe a Plaintiff's Complaint in the face of a Motion to Dismiss is not the equivalent of a duty to re-write it for [him]." Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993). In the case at bar, Federal Rule of Civil Procedure 10(b) is applicable in analyzing the sufficiency of Plaintiff's Complaint.

## PLAINTIFF'S COMPLAINT MUST BE DISMISSED IN ITS ENTIRETY SINCE EACH CLAIM IS NOT STATED IN A SEPARATE COUNT, PURSUANT TO RULE 10(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff has filed this Consumer Protection Complaint against Defendant, AMERICAN EXPRESS BANK, FSB, on January 17, 2012, alleging violations of the Florida's Consumer

Collection Practices Act, Fla. Stat.§ 559 et.seq., Fair Credit Billing Act 15 U.S.C. § 1601, and the Telephone Consumer Protection Act 47 U.S.C. § 227. Plaintiff's Complaint falls short of the high threshold standard of the Federal Rules of Civil Procedure and case law discussed below. Rule 10(b), of the Federal Rules of Civil Procedure, requires each claim, founded on a separate transaction or occurrence, to be stated in a separate count. Pursuant to Rule 10(b), counts founded upon a separate transaction or occurrence must only be made against one Defendant. Contrary, Plaintiff's Complaint combines separate transactions into one cause of action, and asserts each claim against two unrelated Defendants.

Under The City of Fort Lauderdale v. Scott, 773 F.Supp 2d 1355, 1362 (S.D. Fla., 2011), the court granted Defendant's Motion to Dismiss based on Plaintiff's non-compliance with Federal Rule 10(b). In Scott, Plaintiff did not differentiate his claims against each Defendant. Rather, Plaintiff combined each claim against the The City of Fort Lauderdale and an individual Defendant. The court in Scott explained "If the Counter-Plaintiffs' allegations are intended to state that every action taken by the City was done either by Defendant Battle or persons acting under his orders, then Plaintiff must allege facts in a pleading that meet the elements of such a claim." The differentiation of claims required under the Scott holding was never complied with by the Plaintiff in the instant action. In the case at bar, Plaintiff asserts each claim, founded upon separate transactions or occurrences, against two unrelated Defendants.

Similarly, the court in Anderson v. District Bd. of Trustees of Cent. Florida Community College, 77 F.3d 364, 366 (C.A.11 (Fla.), 1996) followed the opinion under the Scott by instructing Plaintiff's to separate each claim against each Defendant, pursuant to Federal Rule 10(b). District Bd. of Trustees at 366. In District Bd. of Trustees, the Plaintiff, James R. Anderson, asserted several claims for relief against a multitude of Defendants. The Court in District Bd. of Trustees had difficulty differentiating Plaintiff's claims against each Defendant, and explained "it is virtually

impossible to know which allegations of fact are intended to support which claim(s) for relief." Id. The court further explained "Under the Federal Rules of Civil Procedure, a defendant faced with a complaint such as Anderson's is not expected to frame a responsive pleading. Id. Moreover, with the shotgun pleading out of the way, the trial judge will be relieved of 'the cumbersome task of sifting through myriad claims, many of which [may be] foreclosed by [various] defenses. Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. District Bd. of Trustees of Cent. Florida Community College, at 367. Therefore, under the prevailing case law and the clear language of the Federal Rules of Civil Procedure itself, Plaintiff in the instant case failed to meet the strict requirements of Federal Rule 10(b). As such, Defendant is unable to prepare a reasonable response, and Plaintiff's Complaint should be dismissed as a matter of law.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to Plaintiff, PAUL A. HERMAN, ESQ., 3330 NW 53RD STREET, STE 306, FT. LAUDERDALE, FL 33309, and to the Clerk of Court this _17_ day of _Feb._, 2012.

HENSCHEL & BEINHAKER, P.A.
3475 Sheridan Street, Ste. 305
Hollywood, Florida 33021
(954) 964-4780
By:_____
DREW BEINHAKER, ESQ.
FBN: 0163538